1  Neville L. Johnson (SBN 66329)
   Douglas L. Johnson (SBN 209216)
2  James T. Ryan (SBN 210515)
   Nicholas A. Kurtz (SBN 232705)
3  JOHNSON & JOHNSON LLP
   439 North Canon Drive, Suite 200
4  Beverly Hills, California 90210
   Telephone:  (310) 975-1080
5  Facsimile:  (310) 975-1095
6  Email:      njohnson@jjllplaw.com
               djohnson@jjllplaw.com
7              jryan@jjllplaw.com
               nkurtz@jjllplaw.com
8

9  Attorneys for Defendant,
   Edwin B. "Ed." Weinberger
10

11  *Additional counsel listed in signature blocks*

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13

| 14 GOODNESS FILMS, LLC;<br>15 HERBERT HUDSON; PAUL<br>GOLDSBY; and KENNEDY<br>16 GOLDSBY,<br><br>17     Plaintiffs,<br><br>18        v.<br>19<br>20 TV ONE, LLC; MIGUEL A.<br>NÚÑEZ, JR.; and EDWIN B. "ED."<br>WEINBERGER,<br>21<br>22     Defendants.<br>23 | CASE NO.: 2:12-cv-08688-GW-JEM<br><br>STIPULATED CONFIDENTIALITY<br>ORDER<br><br>Hon. George H. Wu<br>Magistrate Judge John E. McDermott |
| --- | --- |

24

25

26

27

28

1.    <u>GOOD CAUSE STATEMENT</u>

The parties hereby stipulate to and petition the court to enter the following Stipulated Confidentiality Order ("Confidentiality Order" or "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that the terms of this Stipulated Confidentiality Order do not affect the admissibility of evidence at trial or the exclusion of evidence at trial from the public record.  Parties agree to cooperate to request that the Court prevent the unnecessary public disclosure during trial of information protected by this Confidentiality Order.

This Confidentiality Order is issued to assist in the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect and ensure the confidential treatment of information, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial.  Good cause for the entry of the Confidentiality Order exists because the parties contemplate disclosure of sensitive financial information and other confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than for prosecuting, defending, or attempting to settle this litigation would be warranted.  Disclosure of such information without the protections afforded by this Confidentiality Order will result in prejudice and harm to the parties, reduce the parties' ability to conduct business in a competitive fashion and/or will result in an invasion of privacy.

2.    <u>DEFINITIONS</u>

2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things produced by the Designating Party and that the Designating Party believes in good faith constitutes sensitive financial or non-public business information, including without limitation non-public contracts, non-public scripts, and related proprietary, non-public materials.

2.4     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8     <u>Counsel</u>: attorneys who are retained to represent or advise a Party in this action.  Unless otherwise expressly approved through stipulation or order, Counsel shall include the partners, associates, and their support staff appearing on behalf of the parties to this litigation.

2.9     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

STIPULATED CONFIDENTIALITY ORDER

2.10   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

1    If it comes to a Party's or a non-party's attention that information or items

2    that it designated for protection do not qualify for protection at all, or do not qualify

3    for the level of protection initially asserted, that Party or non-party must promptly

4    notify all other parties that it is withdrawing the mistaken designation.

5        5.2    Manner and Timing of Designations.

6    Except as otherwise provided in this Order, or as otherwise stipulated or

7    ordered, material that qualifies for protection under this Order must be clearly so

8    designated before the material is disclosed or produced.  Designation in conformity

9    with this Order requires:

10        (a)    for documents (apart from transcripts of depositions or other

11    pretrial or trial proceedings), that the Producing Party affix the legend

12    "CONFIDENTIAL" at the bottom of each page that contains protected material.  If

13    only a portion or portions of the material on a page qualifies for protection, the

14    Producing Party also must clearly identify the protected portion(s) (e.g., by making

15    appropriate markings in the margins).

16        (b) for testimony given in deposition or in other pretrial or trial

17    proceedings, that the Party or non-party offering or sponsoring the testimony

18    identify on the record, before the close of the deposition, hearing, or other

19    proceeding, all protected testimony.  When it is impractical to identify separately

20    each portion of testimony that is entitled to protection, and when it appears that

21    substantial portions of the testimony may qualify for protection, the Party or non-

22    party that sponsors, offers, or gives the testimony may invoke on the record (before

23    the deposition or proceeding is concluded) a right to have up to five court days to

24    identify the specific portions of the testimony as to which protection is sought.

25    Only those portions of the testimony that are appropriately designated for protection

26    within the five days shall be covered by the provisions of this Stipulated

27    Confidentiality Order.  During the five days, the entire contents of the transcript

28    shall be treated as "CONFIDENTIAL."  Transcript pages containing Protected

Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3    Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must meet and confer in accordance with Local Rule 37-1.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party and complying with Local Rule 37, may file and serve a motion under the local rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving

1    Party to whom disclosure is reasonably necessary for this litigation;

2              (c) Experts (as defined in this Order) of the Receiving Party to

3    whom disclosure is reasonably necessary for this litigation and who have signed

4    the "Agreement to Be Bound by Confidentiality Order" (Exhibit A);

5              (d) the Court and its personnel;

6              (e) court reporters, their staffs, and professional vendors to

7    whom disclosure is reasonably necessary for this litigation;

8              (f) witnesses in the action to whom disclosure is reasonably

9    necessary and who have signed the "Agreement to Be Bound by Confidentiality

10   Order" (Exhibit A) or who have agreed to be bound by the terms of this Order on

11   the record.  Pages of transcribed deposition testimony or exhibits to depositions

12   that reveal Protected Material must be separately bound by the court reporter and

13   may not be disclosed to anyone except as permitted under this Confidentiality

14   Order; and

15             (g) the author of the document or the original source of the

16   information.

17   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

18   IN OTHER LITIGATION.

19             If a Receiving Party is served with a subpoena or an order issued in other

20   litigation that would compel disclosure of any information or items designated in

21   this action as "CONFIDENTIAL," the Receiving Party must so notify the

22   Designating Party, in writing and by electronic mail, if possible immediately and in

23   no event more than five court days after receiving the subpoena or order.  Such

24   notification must include a copy of the subpoena or court order.

25             The Receiving Party also must immediately inform in writing the party who

26   caused the subpoena or order to issue in the other litigation that some or all the

27   material covered by the subpoena or order is the subject of this Confidentiality

28   Order.  In addition, the Receiving Party must deliver a copy of this Confidentiality

7

1    Order promptly to the Party in the other action that caused the subpoena or order to

2    issue. The purpose of imposing these duties is to alert the interested parties to the

3    existence of this Confidentiality Order and to afford the Designating Party in this

4    case an opportunity to try to protect its confidentiality interests in the court from

5    which the subpoena or order issued.  The Designating Party shall bear the burdens

6    and the expenses of seeking protection in that court of its confidential material - and

7    nothing in these provisions should be construed as authorizing or encouraging a

8    Receiving Party in this action to disobey a lawful directive from another court.

9    9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11   Protected Material to any person or in any circumstance not authorized under this

12   Stipulated Confidentiality Order, the Receiving Party must immediately (a) notify

13   in writing the Designating Party of the unauthorized disclosures, (b) use its best

14   efforts to retrieve all copies of the Protected Material, (c) inform the person or

15   persons to whom unauthorized disclosures were made of all the terms of this Order,

16   and (d) request such person or persons to execute the " Agreement to Be Bound by

17   Confidentiality Order" (Exhibit A).

18   10.     FILING PROTECTED MATERIAL.

19           Without written permission from the Designating Party or a court order

20   secured after appropriate notice to all interested persons, a Party may not file in the

21   public record in this action any material designated "CONFIDENTIAL."  A Party

22   that wishes to file any material designated as "CONFIDENTIAL" in any public

23   record, including court records, must do so under seal in accordance with the local

24   rules.  This includes filing an application to file under seal with the Court.  Such

25   application must show good cause for the under seal filing request.  The application

26   shall be directed to the judge to whom the papers are directed.  Pending the ruling

27   on the application, the papers or portions thereof subject to the sealing application

28   shall be lodged under seal.

Nothing in this Order shall prevent a Party or its attorney from using any Protected Material: (i) at a deposition of the Producing Party; (ii) at a hearing; (iii) to prepare for and conduct discovery in this action; (iv) to support or oppose any motion made in this action; (v) to prepare for trial; (vi) during trial; or (vii) during any appeal.  Under these circumstances, the use of Protected Material shall be subject to the Federal Rules of Evidence,  the Federal Rules of Civil Procedure, this District's Local Rules, and the Standing Orders of this Court.  The parties will cooperate in approaching the Court for the purpose of sealing proceedings if necessary to prevent the public disclosure of Protected Materials.

      11.   <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material

STIPULATED CONFIDENTIALITY ORDER

1   remain subject to this Confidentiality Order as set forth in Section 4 (DURATION),

2   above.

3   12.   <u>MISCELLANEOUS</u>

4         12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right

5   of any person to seek its modification by the Court in the future.

6         12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of

7   this Confidentiality Order no Party waives any right it otherwise would have to

8   object to disclosing or producing any information or item on any ground not

9   addressed in this Stipulated Confidentiality Order, and the parties expressly reserve

10  their rights to challenge the production of any information or item on any proper

11  grounds, regardless of whether the information or item is the type mentioned in this

12  Stipulated Confidentiality Order.  Similarly, no Party waives any right to object on

13  any ground to use in evidence of any of the material covered by this Confidentiality

14  Order.

15        12.3 <u>Retroactive Application</u>. This Confidentiality Order shall apply

16  retroactively to any Disclosure or Discovery Material produced prior to entry of the

17  Order and designated as "CONFIDENTIAL."

18

19        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20

21  DATED:  June 19, 2013          JOHNSON & JOHNSON LLP
                              By   /s/
22                                 Neville L. Johnson
23                                 Douglas L. Johnson
                                   James T. Ryan
24                                 Nicholas A. Kurtz
                                   Attorneys for Defendant,
25                                 Edwin B. "Ed." Weinberger

26

27

28

DATED:  June ___, 2013

By   /s/_____
     Miguel A. Nunez, Jr.
     *Pro se*

DATED:  June 18, 2013              NIXON PEABODY LLP

By   /s/_____
     Thaddeus J. Stauber
     Sarah E. André
     Michael O. Azat
     Attorneys for Defendant,
     TV One, LLC

DATED:  June 18, 2013              HAMRICK & EVANS, LLP

By   /s/_____
     Martin J. Barab
     A. Raymond Hamrick III
     Attorneys for Plaintiffs,
     Goodness Films, LLC; Herbert
     Hudson; Paul Goldsby; and Kennedy
     Goldsby

        It is SO ORDERED.

Date:        June 19, 2013         */s/John E. McDermott*
                                    United States Magistrate Judge

**EXHIBIT A**

**Agreement to Be Bound by Confidentiality Order**

I hereby acknowledge that I, _____[NAME],

_____ [POSITION AND EMPLOYER], am

about to receive Confidential Information or Items supplied in connection with the *Goodness*

*Films, LLC et al. v. TV One, LLC et al.* (United States District Court for the Central District of

California Case No. 2:12-cv-08688-GW-JEM).  I certify that I understand that the Confidential

Information or Items are provided to me subject to the terms and restrictions of the Stipulated

Confidentiality Order filed in this case.  I have been given a copy of the Stipulated Confidentiality

Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Information or Items, as defined in the Stipulated

Confidentiality Order, including any notes or other records that may be made regarding any such

materials, shall not be disclosed to anyone except as expressly permitted by the Stipulated

Confidentiality Order.  I will not copy or use, except solely for the purposes of this case, any

Confidential Information or Items obtained pursuant to this Stipulated Confidentiality Order,

except as provided therein or otherwise ordered by the Court in the case.

I further understand that I am to retain all copies of all Confidential Information or Items

provided to me in the case in a secure manner and that all copies of such Confidential Information

or Items are to remain in my personal custody until termination of my participation in this case,

whereupon the copies of such Confidential Information or Items will be returned to counsel who

provided me with such Confidential Information or Items.

I declare under penalty of perjury, under the laws of the State of California, that the

foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

_____          _____
Signature                                Address
_____          _____
Title                                    City, State, Zip

                                         _____
                                         Telephone Number

AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER