Thaddeus J. Stauber (Bar No. 225518)
  tstauber@nixonpeabody.com
Sarah E. André (Bar No. 236145)
  sandre@nixonpeabody.com
Michael O. Azat (Bar No. 278409)
  mazat@nixonpeabody.com
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013
Phone: 213-629-6000
Fax: 213-629-6001

Attorneys for Defendant and Third-Party Plaintiff TV One, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODNESS FILMS, LLC, a California Limited Liability Company; HERBERT HUDSON, an individual; PAUL GOLDSBY, an individual; and KENNEDY GOLDSBY, an individual<br><br>Plaintiffs,<br><br>v.<br><br>TV ONE, LLC, a Maryland Limited Liability Company; MIGUEL A. NUÑEZ, JR., an individual; and EDWIN B. "ED." WEINBERGER, an individual,<br><br>Defendants.<br><br>―――――――――――<br><br>TV ONE, LLC, a Maryland Limited Liability Company,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MY BELLE'S LLC, a California Limited Liability Company, Edwin B. "ED." Weinberger, an individual,<br><br>Third-Party Defendants. | No. CV 12-08688-GW (JEMx)<br><br>**TV ONE, LLC'S FIRST AMENDED THIRD-PARTY COMPLAINT FOR:**<br>**(1) CONTRACTUAL INDEMNITY;**<br>**(2) BREACH OF CONTRACT;**<br>**(3) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**(4) ANTICIPATORY BREACH OF CONTRACT**<br><br>Honorable George H. Wu<br><br>Courtroom 10 |

FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST MY BELLE'S, LLC
Case No. 12-08688-GW (JEMx)

Defendant and Third-Party Plaintiff TV One, LLC ("TV One"), through its undersigned counsel, hereby alleges as follows:

## PARTIES

1. TV One is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business in Silver Spring, Maryland. TV One is an American television channel that targets African American adults.

2. TV One is informed and believes, and based thereon alleges, that My Belle's LLC ("My Belle's") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California, and at all relevant times was an entertainment company engaged in the business of the development and production of television programs. TV One is also informed and believes, and based thereon alleges, that My Belle's was specifically created by Defendants Núñez and Weinberger to develop and produce the television show *Belle's* ("*Belle's*").

3. TV One is informed and believes, and based thereon alleges, that Edwin B. "Ed." Weinberger is an individual, with a principal place of residence within the County of Los Angeles, California. TV One is also informed and believes that Defendant Weinberger is, and at all relevant times was, President and Chief Executive Officer of My Belle's.

## JURISDICTION AND VENUE

4. This is a third-party action for contractual indemnity, breach of contract, breach of the implied covenant of good faith and fair dealing, and anticipatory breach of contract brought under Rule 14 of the Federal Rules of Civil Procedure. This court has supplemental jurisdiction over this third-party complaint pursuant to 28 U.S.C. § 1367.

5. Venue is appropriate in this district because these claims are supplemental to the plaintiffs' original claims. Venue is also appropriate pursuant to 28 U.S.C. §

1391(b) because a substantial part of the events giving rise to this third-party complaint occurred in this district, and TV One is informed and believes, and based thereon alleges, that My Belle's' principal place of business is in this district and Defendant Weinberger's principal place of residence is in this district.

## BACKGROUND

6. On February 28, 2012, TV One and My Belle's entered a development agreement to develop, produce, and broadcast *Belle's* on TV One ("Development Agreement").

7. On May 1, 2012, TV One and My Belle's entered a Production Agreement, detailing the production and delivery of seven *Belle's* episodes to TV One ("Production Agreement").

8. Paragraph 6 of the Production Agreement requires that My Belle's obtain and maintain valid insurance and name TV One as an additional insured.

9. Paragraph 9 of the Production Agreement provides that:

> Producer [My Belle's] shall at all times defend, indemnify and hold Company [TV One], its related and affiliated companies and entities, and the officers, directors, members, agents and employees of each, harmless from and against any and all claims, damages, liabilities, costs and expenses, including reasonable counsel fees (collectively, "Damages"), arising out of any breach or alleged breach of any of the representations or warranties made by [My Belle's] under this Agreement or any negligent, reckless or willful misconduct of [My Belle's] or its agents, employees, guests or invitees. [TV One] shall at all times defend, indemnify and hold [My Belle's], its officers, directors, members, agents and employees harmless from and against any and all Damages arising out of [TV One]'s distribution or exploitation of the Programs [*Belle's* episodes], other than in connection with any such Damages that result from: (i) any material supplied by [My Belle's] and/or Executive Producer [Edward Weinberger] (i.e., material which was not furnished by [TV One] to [My Belle's] or material in which no additions or alternations were made by or under [TV One]'s authority); (ii) [My Belle's] and/or [Edward Weinberger] acting outside the scope of their engagement hereunder or contrary to [TV One]'s instructions; (iii) any

breach of [My Belle's] and [Edward Weinberger]'s warranties and representations; or (iv) gross negligence recklessness and/or other intentional tortious acts or omissions committed by [My Belle's] and/or [Edward Weinberger] and/or any agent, employee, guest or invitee of [My Belle's] and/or [Edward Weinberger]. In the event of any claim or service of process upon a party involving the indemnification set forth herein, the party receiving such notice shall promptly notify the other of the claim. The indemnitor will promptly adjust, settle, defend or otherwise dispose of such claim at its sole cost. If it so elects, the indemnitee shall have the right, at its sole cost to engage its own counsel in connection with such claim. In the event that the indemnitee determines that the indemnitor is not diligently and continuously defending any such claim, the indemnitee shall have the right, on its own behalf and as attorney-in-fact for indemnitor, to adjust, settle, defend or otherwise dispose of such claim. Any costs incurred by the indemnitee in connection therewith shall be promptly reimbursed by the indemnitor, and if the indemnitor fails to so reimburse the indemnitee, the indemnitee shall be entitled to deduct such amounts from any other sums payable to the indemnitor under this Agreement.

10. Paragraph 10.2 of the Production Agreement provides that "[My Belle's] warrants, represents and agrees for the benefit of TV One" that the *Belle's* episodes do not violate or infringe any copyright of any person or entity.

11. Defendant Weinberger signed the Production Agreement as "President & CEO" of My Belle's. On page 19 of the Production Agreement, Defendant Weinberger agreed to be personally liable to the terms and conditions of the Production Agreement by agreeing to and acknowledging the following terms:

> As a material inducement to [TV One] to execute the above Agreement, I acknowledge that I have read this Agreement and approve the same and agree to be personally bound by the terms and conditions contained therein. Without in any way limiting the generality of the foregoing, I confirm all grants, representations, warranties and agreements made by [My Belle's]. I agree to look solely to [My Belle's] for any and all compensation that may be due me by virtue of the Agreement or my services or grant of rights thereunder or my undertakings and agreements herein contained. My agreements above made shall inure to the benefit of [TV One], its successors

and assigns. If [My Belle's] becomes insolvent or ceases to exist, then [TV One] may, at its election, deem me substituted as a direct party hereto in lieu of [My Belle's]. For purposes of any and all Workers' Compensation statutes, laws, or regulations ("Workers' Compensation"), I acknowledge that an employment relationship exists between [My Belle's] and I, [My Belle's] being my special employer under the Agreement. Accordingly, I acknowledge that in the event of my injury, illness, disability, or death falling within the purview of Workers' Compensation, my rights and remedies (and those of our respective heirs, executors, administrators, successors, and assigns) against [My Belle's], [TV One] and/or their affiliated companies and their respective officers, agents, and employees (including, without limitation, any other special employee and any corporation or other entity furnishing to Producer or an affiliate company the services of any such other special employee) shall be governed by and limited to those provided by Workers' Compensation.

12. TV One fully performed all of its obligations under the Production Agreement by honoring all payment agreements and broadcasting completed episodes of *Belle's* on the TV One television network.

13. On or about September 5, 2012, Plaintiffs Goodness Films, LLC, Herbert Hudson, Paul Goldsby, and Kennedy Goldsby (collectively "Plaintiffs"), through counsel, notified TV One that they were preparing to file their original complaint.

14. On September 6, 2012, TV One promptly notified Defendants Núñez and Weinberger and My Belle's of TV One's intention to seek indemnification from My Belle's for any damages, including attorneys' fees and associated costs, that it may suffer as a result of defending against Plaintiffs' claims.

15. Upon information and belief, on or about September 11, 2012, nearly four months after entering the Production Agreement with TV One, My Belle's obtained an Errors and Omissions insurance policy ("Insurance Policy"), to insure the production of *Belle's*, and named TV One as an additional insured. My Belle's application for the Insurance Policy did not disclose Plaintiffs' correspondence or claims.

16. On October 10, 2012, Plaintiffs filed the original Complaint against Defendants TV One, Weinberger and Núñez (collectively "Defendants"), alleging, inter alia, that the *Belle's* episodes violated Plaintiffs' copyright for their television show concept entitled "Roscoe's House of Chicken and Waffles" ("Roscoe's Show Concept"). The gravamen of Plaintiffs' claims, nearly all of which are directed towards Defendants Weinberger and Núñez, is that Defendants Weinberger and Núñez misappropriated Plaintiffs' idea for the Roscoe's Show Concept and then pitched the idea to TV One as their own. Specifically, Plaintiffs alleged that while negotiating his services to polish Plaintiffs' script, Defendant Weinberger copied the idea and main theme of the Roscoe's Show Concept and sold it to TV One as *Belle's*. The Complaint alleged that TV One would violate Plaintiffs' intellectual property rights by broadcasting *Belle's*.

17. On or about November 6, 2012, TV One, through counsel, sent another letter to counsel for Defendants Weinberger and Núñez notifying them of their obligations under the Production Agreement to indemnify TV One for any damages incurred by TV One as a result of Plaintiffs' copyright claims. TV One reserved all rights and remedies and specifically requested that My Belle's be brought into the lawsuit.

18. On or about November 8, 2012, Defendant Weinberger, President and Chief Executive Officer of My Belle's, through counsel, sent a letter to TV One asserting that neither My Belle's nor Defendant Weinberger were required to indemnify TV One for Plaintiffs' copyright claims.

19. On December 27, 2012, the Court denied Plaintiffs' Motion for a Preliminary Injunction. After three motions to dismiss and three amended complaints, the only remaining claims alleged against TV One by Plaintiffs are for copyright infringement – direct, vicarious and contributory – for broadcasting *Belle's*.

20. On or about May 16, 2013, TV One filed a claim as an additional insured pursuant to the Insurance Policy, noting the complaint and that TV One's alleged infringement took place when *Belle's* aired.

21. On or about June 11, 2013, TV One's claim under the Insurance Policy was denied on the grounds that the Insurance Policy does not afford coverage of TV One's claim.

22. On or about June 28, 2013, TV One sought reconsideration, seeking coverage as an additional insured.

23. On or about July 18, 2013, TV One's claim was again denied on the grounds that Defendants Weinberger and My Belle's failed to include material information in its application for the Insurance Policy, because Defendants did not disclose Plaintiffs' correspondence or claims.

24. Plaintiffs are seeking money damages from TV One in connection with their copyright claims, the exact amount of which is unknown at this time. TV One has incurred and will continue to incur damages, including but not limited to those defined by the Production Agreement, attorneys' fees, court costs, expert witness fees and other costs and damages in connection with defending Plaintiffs' copyright claims, the exact amount of which is unknown at this time.

## FIRST CAUSE OF ACTION
(Contractual Indemnity)

25. TV One re-alleges and incorporates by reference as though fully set forth herein paragraphs 1-24, inclusive.

26. TV One and My Belle's entered into a valid Production Agreement containing provisions which require My Belle's to indemnify TV One at all times for damages related to the defense of claims for copyright infringement related to the development, production and broadcast of *Belle's*.

27. Pursuant to the Production Agreement, Defendant Weinberger agreed to be personally bound by the terms and conditions of the Production Agreement, and to

-7-
FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST MY BELLE'S, LLC
Case No. 12-08688-GW (JEMx)

personally indemnify TV One at all times in place of My Belle's at the sole election of TV One.

28.   The Production Agreement was in full force and binding on all parties at all relevant times.

29.   TV One fully performed all conditions, obligations and duties under the Production Agreement.

30.   TV One has incurred and continues to incur damages as a result of defending against Plaintiffs' copyright infringement claims.

31.   TV One notified My Belle's and Defendant Weinberger of their obligation to indemnify TV One pursuant to the Production Agreement.

32.   Defendant Weinberger, on behalf of himself and My Belle's, asserted that neither he nor My Belle's would indemnify TV One at any time.

33.   By reason of the foregoing, TV One is entitled to recover from My Belle's or Defendant Weinberger any amount recovered by Plaintiffs from TV One in connection with Plaintiffs' copyright claims, in addition to such reasonable attorneys' fees, court costs, and other litigation expenses necessarily incurred in defending against Plaintiffs' copyright claims, the amount of which is to be determined. The amount of said expenses is unknown at this time and TV One reserves its right to seek leave of the court to amend this third-party complaint when the exact amount of TV One's damages can be ascertained.

## SECOND CAUSE OF ACTION
(Breach of Contract)

34.   TV One re-alleges and incorporates by reference as though fully set forth herein paragraphs 1-33, inclusive.

35.   TV One and My Belle's entered into a valid Production Agreement containing provisions which require My Belle's to obtain and maintain valid insurance and name TV One as an additional insured.

36. The Production Agreement was in full force and binding on all parties at all relevant times.

37. TV One fully performed all conditions, obligations and duties under the Production Agreement.

38. On or about September 11, 2012, nearly four months after entering the Production Agreement with TV One, My Belle's obtained the Insurance Policy, to insure the production of *Belle's*, and named TV One as an additional insured.

39. Upon information and belief, My Belle's application for the Insurance Policy did not include material information, as it did not disclose Plaintiffs' correspondence or claims, and, per the insurer, the Insurance Policy is not valid as to TV One's claim.

40. My Belle's failed to obtain and maintain valid insurance naming TV One as an additional insured, thereby breaching the Production Agreement.

41. My Belle's breach of the Production Agreement has caused TV One to be unable to recover as an additional insured pursuant to the Insurance Policy.

42. TV One has incurred and continues to incur damages as a result of defending against Plaintiffs' copyright infringement claims.

43. By reason of the foregoing, TV One is entitled to recover from My Belle's or Defendant Weinberger any amount recovered by Plaintiffs from TV One in connection with Plaintiffs' copyright claims, in addition to such reasonable attorneys' fees, court costs, and other litigation expenses necessarily incurred in defending against Plaintiffs' copyright claims, the amount of which is to be determined. The amount of said expenses is unknown at this time and TV One reserves its right to seek leave of the court to amend this third-party complaint when the exact amount of TV One's damages can be ascertained.

//

FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST MY BELLE'S, LLC
Case No. 12-08688-GW (JEMx)

## THIRD CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

44. TV One re-alleges and incorporates by reference as though fully set forth herein paragraphs 1-43, inclusive.

45. California law implies a duty of good faith and fair dealing in every contract.

46. My Belle's and Defendant Weinberger each affirmatively agreed to indemnify TV One at all times for damages related to the defense of claims for copyright infringement related to the development, production and broadcast of *Belle's*.

47. My Belle's and Defendant Weinberger's representations caused TV One to rely on these statements and erroneously believe that My Belle's and Defendant Weinberger would indemnify TV One. Defendant Weinberger also affirmatively agreed to be personally bound by the terms and conditions of the Production Agreement, and to personally indemnify TV One at all times in place of My Belle's at the sole election of TV One.

48. After affirmatively agreeing to indemnify TV One, My Belle's and Defendant Weinberger stated their intention not to indemnify TV One at any time for any potential award against TV One related to Plaintiffs' copyright claims, or for the costs of defending against Plaintiffs' copyright claims. As a result of My Belle's and Defendant Weinberger's subsequent affirmative representations that they would not indemnify TV One, My Belle's and Defendant Weinberger breached their implied duty of good faith and fair dealing. TV One has been and continues to incur damages, the amount of which is to be determined.

## FOURTH CAUSE OF ACTION
(Anticipatory Breach of Contract)
Plead in the Alternative

49. TV One re-alleges and incorporates by reference as though fully set forth herein paragraphs 1-24, inclusive.

-10-
FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST MY BELLE'S, LLC
Case No. 12-08688-GW (JEMx)

50. TV One and My Belle's entered into a valid Production Agreement containing provisions which require My Belle's to indemnify TV One at all times for damages related to the defense of claims for copyright infringement related to the development, production and broadcast of *Belle's*.

51. Pursuant to the Production Agreement, Defendant Weinberger agreed to be personally bound by the terms and conditions of the Production Agreement, and to personally indemnify TV One at all times in place of My Belle's at the sole election of TV One.

52. The Production Agreement was in full force and binding on all parties at all relevant times.

53. TV One fully performed all conditions, obligations and duties under the Production Agreement.

54. TV One has incurred and continues to incur damages as a result of defending against Plaintiffs' copyright infringement claims.

55. TV One notified My Belle's and Defendant Weinberger of their obligation to indemnify TV One pursuant to the Production Agreement.

56. Defendant Weinberger, on behalf of himself and My Belle's, asserted that neither he nor My Belle's would indemnify TV One at any time.

57. Defendant Weinberger and My Belle's clearly, positively, and unequivocally stated their intention to affirmatively repudiate their obligation to at all times indemnify TV One pursuant to the Production Agreement.

58. By reason of the foregoing, TV One is entitled to recover from My Belle's or Defendant Weinberger any amount recovered by Plaintiffs from TV One in connection with Plaintiffs' copyright claims, in addition to such reasonable attorneys' fees, court costs, and other litigation expenses necessarily incurred in defending against Plaintiffs' copyright claims, the amount of which is to be determined. The amount of said expenses is unknown at this time and TV One reserves its right to seek

FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST MY BELLE'S, LLC
Case No. 12-08688-GW (JEMx)

leave of the court to amend this third-party complaint when the exact amount of TV One's damages can be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, TV One prays for judgment against all defendants as follows:

1. For complete contractual indemnity from My Belle's or Defendant Weinberger for any amount recovered by Plaintiffs from TV One in connection with Plaintiffs' claims, and for all costs associated with defending against Plaintiffs' claims, including all costs of defense and of prosecution of this third-party claim, including all attorneys' fees and expert fees;

2. For any damages suffered by TV One resulting from any breach of any express or implied warranties by My Belle's and Defendant Weinberger;

3. For costs of suit incurred herein, including, but not limited to, costs incurred in the prosecution of this third-party complaint;

4. For interest thereon, at the maximum legal rate; and

5. For such other relief as the Court may deem just and proper.

DATED: July 22, 2013

Respectfully Submitted,

**NIXON PEABODY LLP**

By: /s/ Thaddeus J. Stauber

Thaddeus J. Stauber (Bar No. 225518)
tstauber@nixonpeabody.com
Sarah E. André (Bar No. 236145)
sandre@nixonpeabody.com
Michael O. Azat (Bar No. 278409)
mazat@nixonpeabody.com
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013
Phone: 213-629-6000
Fax: 213-629-6001

Attorneys for Defendant and Third-Party Plaintiff TV One, LLC

FIRST AMENDED THIRD-PARTY COMPLAINT AGAINST MY BELLE'S, LLC
Case No. 12-08688-GW (JEMx)