Thaddeus J. Stauber (Bar No. 225518)
  tstauber@nixonpeabody.com
Sarah E. André (Bar No. 236145)
  sandre@nixonpeabody.com
Michael O. Azat (Bar No. 278409)
  mazat@nixonpeabody.com
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth Street, 46th Floor
Los Angeles, CA 90013
Phone: 213-629-6000
Fax: 213-629-6001

Attorneys for Defendant TV One, LLC

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOODNESS FILMS, LLC, a California Limited Liability Company; HERBERT HUDSON, an individual; PAUL GOLDSBY, an individual; and KENNEDY GOLDSBY, an individual<br><br>    Plaintiffs,<br><br>    v.<br><br>TV ONE, LLC, a Maryland Limited Liability Company; MIGUEL A. NÚÑEZ, JR., an individual; and EDWIN B. "ED." WEINBERGER, an individual,<br><br>    Defendants. | Case No. 12-08688-GW (JEMx)<br><br>**DEFENDANT TV ONE, LLC'S OPPOSITION TO DEFENDANTS MY BELLE'S, LLC AND EDWIN B. "ED." WEINBERGER'S MOTION TO DISMISS THE AMENDED THIRD-PARTY COMPLAINT**<br><br>Hon. George H. Wu<br><br>Date:    September 5, 2013<br>Time:   8:30 a.m.<br>Crtrm.: 10 |
| TV ONE, LLC, a Maryland Limited Liability Company,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>MY BELLE'S LLC, a California Limited Liability Company, Edwin B. "ED." Weinberger, an individual,<br><br>    Third-Party Defendants. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................. iii

I.  INTRODUCTION ......................................................................................... 1

II.  BACKGROUND ............................................................................................ 1

    A.  Goodness Films Plaintiffs' Complaints ............................................. 1

    B.  TV One's Third Party Complaint ....................................................... 3

III.  ARGUMENT .................................................................................................. 4

    A.  Legal Standard .................................................................................... 4

    B.  Weinberger Should Not Be Dismissed from the Third-Party
        Complaint ............................................................................................ 5

        1.  Rule 14 does not bar the addition of Weinberger to the
            third-party complaint ............................................................. 5

        2.  TV One properly amended the third-party complaint to
            add Weinberger and additional state law claims .............................. 8

    C.  TV One's Claim for Contractual Indemnification is not
        Preempted ............................................................................................ 9

        1.  TV One's claim for contractual indemnity is not barred
            by the Copyright Act ............................................................. 9

        2.  TV One's broadcast of Belle's is irrelevant to TV One's
            claim for contractual indemnity ........................................... 11

    D.  TV One Did Not Violate the Scheduling Order ......................................... 12

    E.  All of TV One's Third-Party Claims are Within the Court's
        Subject Matter Jurisdiction and Properly Plead ....................................... 12

        1.  The Court may exercise supplemental jurisdiction over
            TV One's state law claims ..................................................... 12

-i-

TV ONE, LLC'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD
PARTY COMPLAINT
Case No. 12-08688-GW (JEMx)

2. TV One's breach of contract claim, breach of the covenant of good faith and fair dealing and anticipatory breach claims are not duplicative of one another or TV One's indemnity claim ...................................................................14

3. TV One's claims for breach of contract, breach of the covenant of good faith and fair dealing, and anticipatory breach are timely, will not cause delay and will not prejudice the Plaintiffs ....................................................................15

4. TV One's additional claims do not contravene its stated purpose of the third-party complaint ..............................................15

IV. CONCLUSION ...................................................................................16

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) ........................5

*Anderson v. Local Union No. 3, Intern. Broth. of Elec. Workers*,
    582 F. Supp. 627 (S.D.N.Y. 1984) .......................................................11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)...............................................4

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) ..................................13

*Celador Intern. Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846
    (C.D. Cal. 2004)..............................................................................14, 15

*Charter Commc'ns VI, LLC, v. Eleazer*, 412 F. Supp. 2d 588
    (S.D. W. Va. 2006) ........................................................................9, 11

*City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997) ...........................13

*Corrie v. Caterpillar*, 503 F.3d 974 (9th Cir. 2007)..................................................4

*Crispin v. Christian Audigier, Inc.*, 839 F. Supp. 2d 1086 (C.D. Cal. 2011)..........10

*Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371
    (9th Cir. 1980) ....................................................................................8

*Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 1129
    (9th Cir. 1998) ..................................................................................11

*Gaines v. Fusari*, Civ. No. 2:11-04433 (WJM), 2013 WL 1934664
    (D.N.J. May 8. 2013).....................................................................10, 11

*Hicks v. Long Island R.R.*, 165 F.R.D. 377 (E.D.N.Y. 1996)....................................6

*Lehman Brothers, Inc. v. Wu*, 294 F. Supp. 2d 504 (S.D.N.Y. 2003).....................11

*Looney Ricks Kiss Architects, Inc. v. Bryan, et al.*, No. 07-572, 2010 WL
    4687837 (W.D. La. Nov. 10, 2010)................................................9, 11

*Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ....................................................13, 14

-iii-

TV ONE, LLC'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD
PARTY COMPLAINT
Case No. 12-08688-GW (JEMx)

14330734.6

*Napster, LLC v. Rounder Records Corp.*, 761 F. Supp. 2d 200
(S.D.N.Y. 2011) ..............................................................................9, 11

*Olan Mills v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir. 1994) ...................................12

*Oleas Enterp., Inc. v. A.D. Sutton & Sons, Inc.*, No. 09 Civ. 8680(CM)(PED),
2011 WL 2565341 (S.D.N.Y. June 20, 2011) .................................9, 11

*Robinson v. Vivendi*, No. CV 04-09722 WMB (MCX), 2005 WL 5748318
(C.D. Cal. Nov. 22, 2005)................................................................9, 11

*Rodgers v. Watt*, 722 F.2d 456 (9th Cir. 1983) ........................................................5

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) .............................4

*Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir. 1986)..............6

*St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989) ..........................................4

*State of Maryland, to Use & Benefit of Wood v. Robinson*, 74 F. Supp. 279
(D. Md. 1947) ........................................................................................8

*Travelocity.com, LP v. CGU Insurance Co. v. Doubleclick, Inc.*,
No. 401-CV-367-Y, 2003 WL 21770825 (N.D. Tex. July 31, 2003) ...........9, 11

*United States v. Olavarrieta*, 812 F.2d 640 (11th Cir. 1987) ...................................7

*United States v. One 1977 Mercedes Benz*, 708 F.2d 444 (9th Cir. 1983)...............7

*United States v. Yellow Cab Co.*, 340 U.S. 543 (1951) ............................................6

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004)....................................................5

*Zero Tolerance Ent'mt, Inc. v. Ferguson*, 254 F.R.D. 123 (C.D. Cal. 2008)............6

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009)...................4


STATE CASES

*Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371
(Cal. Ct. App. 1990) ...........................................................................14

*Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal. 3d 622 (Cal. 1975)....................11

-iv-

**FEDERAL STATUTES**

28 U.S.C. § 1367.................................................................................13, 14

**RULES**

Fed. R. Civ. Proc. 1.................................................................................5, 7

Fed. R. Civ. Proc. 12.................................................................................4, 8

Fed. R. Civ. Proc. 14.............................................................................*passim*

Fed. R. Civ. Proc. 15.................................................................................8, 12

Fed. R. Civ. Proc. 20.................................................................................8, 12

Fed. R. Civ. Proc. 42.....................................................................................7

**ADDITIONAL AUTHORITIES AND SOURCES**

3-14 Richard D. Freer, *Moore's Federal Practice – Civil* § 14.03 (2013)................6

Joseph Peterson and Ashford Tucker, *The Buck Stops Where? Avenues to
    Indemnification in the Copyright Context*, A.B.A. Intellectual Prop.
    Newsletter, Vol. 21-3, 3, 3 (2010)………………………………………...10

1  **I.**     **INTRODUCTION**

2       Defendants My Belle's, LLC ("My Belle's") and Edwin B. "Ed." Weinberger

3  (collectively "Defendants") claim: (1) that Federal Rule of Civil Procedure 14 prevents

4  Weinberger from being added to TV One, LLC's ("TV One") third-party action for

5  indemnity against My Belle's, (2) that TV One's claim for contractual indemnity is

6  preempted, and (3) that TV One cannot add (and has not sufficiently plead) additional

7  state law claims to the third-party action against My Belle's.

8       TV One amended the third party complaint after learning only recently through

9  a third party that Weinberger did not disclose his breach of the contract.  Contrary to

10  Defendants' assertions, such action is not prohibited by Rule 14.  In attempting to

11  support their argument that TV One's contractual indemnity claims are preempted,

12  Defendants cite only to inapposite cases that relate to *equitable or implied* indemnity,

13  where, unlike here, there was no contract.  Further, as noted below, TV One

14  sufficiently pled its state law claims, which were added to the third-party complaint

15  against My Belle's in accordance with the Federal Rules of Civil Procedure.

16  **II.**    **BACKGROUND**

17       **A.     *Goodness Films Plaintiffs' Complaints***

18       On May 1, 2013, TV One and My Belle's entered into a Production Agreement

19  to produce seven episodes of a television show created by Weinberger and Miguel A.

20  Núñez, Jr. entitled *Belle's* ("Production Agreement").  Dkt. No. 120 at 3.  Pursuant to

21  the Production Agreement, Defendants agreed: (1) to obtain a valid insurance policy

22  ("*Belle's* Policy") and name TV One as an additional insured, and (2) indemnify TV

23  One for any claims arising out of the production of *Belle's*.  *Id*. at 4.  Defendants

24  assured TV One that *Belle's* did not violate or infringe on any copyright of any person

25  or entity.  *Id*. at 4.  As a material inducement for TV One to enter the Production

26  Agreement, Defendant Weinberger, the President and CEO of My Belle's, agreed to be

27  personally liable to the terms and conditions of the Production Agreement.  *Id*. 4-5.

28

TV ONE, LLC'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD
PARTY COMPLAINT
Case No. 12-08688-GW (JEMx)

On or about September 5, 2012, Plaintiffs Goodness Films, LLC, Herbert Hudson, Paul Goldsby, and Kennedy Goldsby (collectively "Goodness Films Plaintiffs") notified TV One through counsel that they were preparing to file their original complaint. *Id*. at 5. On September 6, 2012, TV One notified Defendants Weinberger and My Belle's of TV One's intention to seek indemnification pursuant to the Production Agreement. *Id*.

Goodness Films Plaintiffs' filed their original complaint on October 10, 2012, alleging copyright infringement and eight state law claims against TV One, Weinberger, and Núñez. Dkt. No. 1. On November 5, 2012, TV One moved to dismiss Plaintiffs' original complaint. Dkt. No. 11. On November 19, 2012, Goodness Films Plaintiffs' filed a motion for preliminary injunction, requesting that the Court enjoin TV One from broadcasting *Belle's* on its network. Dkt. No. 17. On November 27, 2012, Goodness Films Plaintiffs' voluntarily amended their original complaint. Dkt No. 36. On December 27, 2012, the Court denied Goodness Films Plaintiffs' motion for preliminary injunction, and granted, in part, TV One's motion to dismiss, rejecting all but Goodness Films Plaintiffs' tortious interference with prospective business advantage and copyright claims against TV One. Dkt. No. 67 at 18-19. At the hearing, the Court declined to dismiss Goodness Films Plaintiffs' copyright claims, finding that, at that early stage, Goodness Films Plaintiffs had met the low pleading threshold.

On January 22, 2013, Goodness Films Plaintiffs' filed their Second Amended Complaint. Dkt. No. 70. TV One moved to dismiss Goodness Films Plaintiffs' Second Amended Complaint on February 5, 2013. Dkt. No. 72. The Court dismissed the remaining state law claim against TV One for tortious interference with prospective business advantage on February 28, 2013. Dkt. No. 78. Goodness Films Plaintiffs' filed their Third Amended Complaint on March 11, 2013, which Defendant Weinberger moved to dismiss, with Núñez joining, on March 25, 2013. Dkt. Nos. 79,

TV ONE, LLC'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD PARTY COMPLAINT
Case No. 12-08688-GW (JEMx)

82, 83.  The Court granted, in part, Defendant Weinberger's motion to dismiss without prejudice on April 22, 2013.  Dkt. No. 91.  Goodness Films Plaintiffs filed their operative Fourth Amended Complaint ("FAC") on May 7, 2013.  Dkt. No. 93.

Goodness Films Plaintiffs' FAC asserts claims for copyright infringement against all defendants, and four state law claims against Weinberger and Núñez for breach of contract, breach of fiduciary duty, breach of implied in fact contract, and interference with prospective business advantage.  Dkt. No. 93 at 1.  The only remaining claims alleged against TV One in Goodness Films Plaintiffs' FAC are claims for copyright infringement – direct, vicarious, and contributory.  *Id*.

## B.    *TV One's Third Party Complaint*

On November 6, 2012, TV One sent a letter to Defendants notifying them of their obligations under the Production Agreement to indemnify TV One as a result of Goodness Films Plaintiffs' copyright claims, and requesting that My Belle's be brought into the lawsuit.  Dkt. No. 120 at 6.  On November 8, 2012, Weinberger responded, asserting that neither My Belle's nor Weinberger were required to indemnify TV One.  *Id*.  Weinberger refused TV One's request that My Belle's be brought voluntarily into the lawsuit.

On May 16, 2013, TV One filed a claim as an additional insured under the *Belle's* Policy, and on May 17, 2013, sought leave to bring My Belle's into this action in a third-party complaint.  Dkt. No. 100.  The Court granted TV One's request for leave to file a third party complaint against My Belle's on June 27, 2013.  Dkt. No. 109.

On June 11, 2013, TV One's claim under the *Belle's* Policy was denied.  Dkt. No. 120 at 7.  On July 1, 2013, TV One filed its initial third-party complaint against My Belle's for contractual indemnity pursuant to the Production Agreement.  Dkt. No. 100.  My Belle's moved to dismiss the initial third-party complaint on July 15, 2013,

-3-

1  on the unsupported grounds that TV One's claim for contractual indemnity under the

2  Production Agreement was preempted.  Dkt. No. 119.

3       On July 18, 2013, TV One learned that Weinberger failed to include material

4  information in the *Belle's* Policy application, thereby breaching the Production

5  Agreement.  Dkt No. 120 at 7.  On July 22, 2013, after learning of Weinberger's

6  breach, TV One amended the initial third-party complaint, adding Weinberger and

7  claims for breach of contract, breach of the covenant of good faith and fair dealing, and

8  anticipatory breach of contract.  Dkt No. 120.

9  **III.   ARGUMENT**

10       **A.   *Legal Standard***

11       In ruling on a motion to dismiss brought under Federal Rule of Civil Procedure

12  12(b)(6) for failure to state a claim, the Court must accept the complaint's allegations

13  as true and construe them in a light most favorable to the non-moving party.  *See*

14  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009).  To

15  survive a 12(b)(6) motion, the complaint need only allege "enough facts to state a

16  claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

17  544, 570 (2007).

18       Where a motion to dismiss attacks the jurisdictional basis of a complaint, the

19  Court should treat it as "brought under Rule 12(b)(1), even if it was 'improperly

20  identified by the moving party as brought under Rule 12(b)(6).'"  *Corrie v.*

21  *Caterpillar*, 503 F.3d 974, 989-90 (9th Cir. 2007) (quoting *St. Clair v. City of Chico*,

22  880 F.2d 199, 201 (9th Cir. 1989)).  Under such circumstances, the court may expand

23  its review and "rely on affidavits or any other evidence properly before the court."  *Id.*

24  (internal citations omitted).  "A Rule 12(b)(1) jurisdictional attack may be facial or

25  factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where

26  the defendant challenges the basis of jurisdiction as alleged in the complaint, the court

27  may assume that the factual allegations in the complaint are true, and draw all

28

TV ONE, LLC'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD
PARTY COMPLAINT
Case No. 12-08688-GW (JEMx)

reasonable inferences in the plaintiff's favor.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### B.  *Weinberger Should Not Be Dismissed from the Third-Party Complaint*

#### 1.  *Rule 14 does not bar the addition of Weinberger to the third-party complaint*

Defendants contend that Rule 14 bars the addition of Weinberger to the third-party complaint, and therefore TV One's claims against Weinberger should be "dismissed with prejudice for failure to state a claim as a matter of law."  *Id*. at 5.  Defendants' contention lack legal and practical merit.

"Procedure 'is a means to an end, not an end in itself – the 'handmaid rather than the mistress' of justice."  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1254 (9th Cir. 2010) (internal citation omitted).  Rule 14, like all Rules of Civil Procedure, should be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."  *Id*. at 1258-59 (citing *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983) (internal citations omitted)); *see also* Fed. R. Civ. Proc. 1 (recognizing that the Rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

Rule 14 provides that:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.  But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. Proc. 14(a)(1).  As the Court noted in its Order granting TV One leave to implead My Belle's into the action, "[t]he purpose of Rule 14 is to 'promote judicial efficiency by eliminating the need for defendant to bring a separate action against parties secondarily or derivatively liable to the defendant on account of plaintiff's

-5-

1   claim."  Dkt. No. 109 at 2 (quoting *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791

2   F.2d 769, 777 (9th Cir. 1986)).

3          Rule 14 is intended to guarantee consistent results, save the court time, reduce

4   multiplicity of litigation and promote judicial efficiency by allowing a defendant in the

5   original lawsuit to consolidate its claims against a third party who may be liable to the

6   defendant for all or part of the plaintiff's claim.  *See Zero Tolerance Ent'mt, Inc. v.*

7   *Ferguson*, 254 F.R.D. 123, 126 (C.D. Cal. 2008); *see also Hicks v. Long Island R.R.*,

8   165 F.R.D. 377, 379 (E.D.N.Y. 1996) ("[T]he purpose of Rule 14(a) is 'to avoid two

9   actions which should be tried together to save the time and cost of a re-duplication of

10  evidence, to obtain consistent results from identical or similar evidence, and to do

11  away with the serious handicap to a defendant of a time difference between a judgment

12  against him and a judgment in his favor against the third-party defendant."); 3-14

13  Richard D. Freer, *Moore's Federal Practice – Civil* § 14.03 (2013) ("Third-party

14  practice fosters efficient litigation by packaging the underlying claim for liability and

15  any indemnity or contribution claims in a single case.  This inclusive packaging spares

16  the judicial system and at least some of the parties the waste and expense of multiple

17  suits.").

18         Defendants' interpretation of Rule 14 as a bar to TV One's amending its third-

19  party complaint defeats the clear, intended purpose of the Rule.  Rather than serve as a

20  bar, the purpose of Rule 14 is to encourage judicial efficiency by ensuring that a

21  defendant's related claims against third-parties can be decided by the Court in the same

22  action.  *See United States v. Yellow Cab Co.*, 340 U.S. 543, 556 (1951) ("The

23  availability of third-party procedure is intended to facilitate, not to preclude, the trial of

24  multiple claims which otherwise would be triable only in separate proceedings.").

25  Rule 14 does not preclude the trial of TV One's breach of contract and indemnity

26  claims against Weinberger in the same proceeding as Plaintiffs' copyright claims.

27  Weinberger's liability towards TV One is dependent on the outcome of Plaintiffs'

28

-6-

copyright claims.[1]  *See United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).  Rule 14 was merely the vehicle used to implead My Belle's, a third-party, into this lawsuit.  TV One did not need to implead Weinberger because he was already a named defendant in this lawsuit.

Dismissing Weinberger from the third-party complaint would contravene the "just, speedy, and inexpensive determination of every action and proceeding" related to this lawsuit.  Fed. R. Civ. Proc. 1.  Rather than bring a cross-claim or file a separate action against Weinberger and request that the Court then consolidate the separate action into the third-party compliant, TV One amended the third-party complaint to include its newly discovered breach of contract claims against Weinberger.[2]  *See, e.g.* Fed. R. Civ. Proc. 42(a)(2-3) ("If actions before the court involve a common question of law or fact, the court may consolidate the actions; or issue any other orders to avoid unnecessary cost or delay.")  Therefore, to further judicial efficiency and in keeping with the purpose of the Federal Rules of Civil Procedure, the Court should deny Defendants request to dismiss Weinberger from the third-party complaint.

---

[1] Defendants cite *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) for their proposition that Rule 14 bars TV One from amending the third-party complaint to include its state law claims.  Motion to Dismiss ("Mot.") at 10.  *Olavarrieta* was a debt collection case.  *Id*. at 642.  The third-party complaint filed by the defendant was properly dismissed because it had nothing to do with the underlying debt collection.  *Id*. at 643.  Here, TV One's state law claims directly relate to Plaintiffs' claims.

[2] TV One properly amended the third party complaint after it learned that Weinberger breached the Production Agreement.  TV One did not know that Weinberger failed to include material information in the *Belle's* Policy application, thereby breaching the Production Agreement, until July 18, 2013, which was after TV One filed its initial third party complaint on July 1, 2013.  Dkt. No. 110.

TV ONE, LLC'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD PARTY COMPLAINT
Case No. 12-08688-GW (JEMx)

1
2

    2.    *TV One properly amended the third-party complaint to add*
*Weinberger and additional state law claims*

3
4
5
6
7
8
9
10
11
12

    A party may amend its complaint "once as a matter of course within 21 days after service of a motion under Rule 12(b)."[3]  Fed. R. Civ. Proc. 15(a)(1)(B).  Parties may be joined "in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ. Proc. 20(a)(2).  If the party to be joined meets the requirements of Rule 20, "[i]n conjunction with Rule 15, Rule 20, allows the permissive joinder of parties, and in particular of party defendants."  *Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1374 (9th Cir. 1980).

13
14
15
16
17
18
19
20
21
22

    TV One timely amended the initial third-party complaint on July 22, 2013, seven days after Defendant My Belle's moved to dismiss TV One's initial third-party complaint.  *See* Fed. R. Civ. Proc. 15(a)(1)(B).  As explained further below, Weinberger may be joined as a defendant in the third-party complaint because TV One's claims against My Belle's and Weinberger arise from common facts.  *See* Fed. R. Civ. Proc. 20(a)(2)(A).  Also, any determination of TV One's right to contractual indemnity pursuant to the Production Agreement is common to both My Belle's and Weinberger.  Fed. R. Civ. Proc. 20(a)(2)(B).  TV One properly amended the initial third-party complaint to allow the Court to deal efficiently with the third party claims

23
24
25
26
27

---

[3] Defendants do not (and cannot) cite any authority that supports their argument that TV One was required to seek leave to amend the third-party complaint.  Mot. at 12-13.  Defendants citation to *State of Maryland, to Use & Benefit of Wood v. Robinson*, 74 F. Supp. 279, 282 (D. Md. 1947) is inapposite as in that case – in which the court's jurisdiction was premised on the original parties' diversity, the district court granted a motion to dismiss the third-party complaint because the underlying action settled and the original and third-party defendants were not diverse.

28

TV ONE, LLC'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD PARTY COMPLAINT
Case No. 12-08688-GW (JEMx)

common to both My Belle's and Weinberger.  Thus, the amended third party complaint should not be dismissed.

### C.    TV One's Claim for Contractual Indemnification is not Preempted

#### 1.    TV One's claim for contractual indemnity is not barred by the Copyright Act

TV One's claim for *contractual indemnity* is based on the Production Agreement, not the Copyright Act or federal common law as Defendants contend. Courts have long upheld contractual indemnity agreements in the copyright context. *See, e.g., Napster, LLC v. Rounder Records Corp.*, 761 F. Supp. 2d 200, 209-10 (S.D.N.Y. 2011) (noting that although the facts did not trigger Napster's liability pursuant to the contractual indemnification clause of the parties agreement to distribute copyrighted materials, the court did recognize its validity); *Oleas Enterp., Inc. v. A.D. Sutton & Sons, Inc.*, No. 09 Civ. 8680(CM)(PED), 2011 WL 2565341, at **2-7 (S.D.N.Y. June 20, 2011) (recognizing defendant's contractual right to indemnity); *Looney Ricks Kiss Architects, Inc. v. Bryan, et al.*, No. 07-572, 2010 WL 4687837, at *2 (W.D. La. Nov. 10, 2010) (addressing the copyright infringement of architectural plans for two projects, the court found that the "indemnification agreement is clear and unambiguous and it obligates [defendant] to indemnify [co-defendants]"); *Charter Commc'ns VI, LLC, v. Eleazer*, 412 F. Supp. 2d 588, 591 (S.D. W. Va. 2006) (finding that a express provision of the parties' contract required a local television station to indemnify Charter Communications for copyright charges incurred by retransmitting the local television station's signal); *Robinson v. Vivendi*, No. CV 04-09722 WMB (MCX), 2005 WL 5748318, at **6-7 (C.D. Cal. Nov. 22, 2005) (recognizing a valid indemnification provision in an agreement between recording artist and producer where recording artist agreed to indemnify and hold harmless producer for "any and all claims, lawsuits and breaches whatsoever"); *Travelocity.com, LP v. CGU Insurance Co. v. Doubleclick, Inc.*, No. 401-CV-367-Y, 2003 WL 21770825, at *6 (N.D. Tex.

July 31, 2003) (finding Travelocity was "obligated under the Procurement and Trafficking Agreement to indemnify DoubleClick" for copyright infringement claims).

Defendants warn that the Court must not "in the face of comprehensive legislative schemes, fashion new remedies that might upset carefully considered legislative programs" by allowing contracts for indemnity against copyright claims. Mot. at 7.  Noted above, recognizing the validity of a claim based on contractual indemnity in an action involving a copyright claim is hardly a "new remed[y]." Moreover, according to Defendants logic, *any* agreement for one to indemnify another for the defense of copyright claims would be pre-empted.  Such a rule would invalidate countless film and recording insurance contracts, and render useless indemnification provisions that are common practice in the entertainment industry.  *See, e.g.* Joseph Peterson and Ashford Tucker, *The Buck Stops Where? Avenues to Indemnification in the Copyright Context*, A.B.A. Intellectual Prop. Newsletter, Vol. 21-3, 3, 3 (2010) (noting that "[c]ourts have long upheld indemnity agreements in the copyright context").

Defendants do not cite to a single case that supports their proposition that a claim for contractual indemnity in a copyright case is pre-empted by the Copyright Act.  The cases on which Defendants rely demonstrate only that one cannot seek *equitable or implied* indemnity pursuant to the Copyright Act, a proposition with which TV One does not disagree.  In *Crispin v. Christian Audigier, Inc.*, 839 F. Supp. 2d 1086 (C.D. Cal. 2011), the defendant's third-party claims were for *equitable and implied* indemnification.  *Id*. at 1099.  In noting that the defendant's claims were preempted where there was no contract, the Court pointed out in a footnote that "[the defendant] does not assert a contractual indemnification claim." *Id*.  *Gaines v. Fusari* Civ. No. 2:11-04433 (WJM), 2013 WL 1934664 (D.N.J. May 8. 2013), also cited by Defendants, is similarly inapposite as the decision did not involve a claim for contractual indemnification, but a more generic request for indemnification and

-10-

contribution under the Copyright Act. *See* 2013 WL 1934664 * 1; *see also, Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 1129, 1130 (9th Cir. 1998) (defendant filed a third-party complaint for *implied* contractual liability and negligence); *Lehman Brothers, Inc. v. Wu*, 294 F. Supp. 2d 504 (S.D.N.Y. 2003) (noting the Copyright Act does not create a right to contribution).

As case law makes clear that a party can assert a claim for contractual indemnity, even where the action involves a copyright claim, *see, e.g., Napster, LLC*, 761 F. Supp. 2d at 209-10; *Oleas Enterp., Inc.*, 2011 WL 2565341, at **2-7; *Looney Ricks Kiss Architects, Inc.*, 2010 WL 4687837, at *2; *Charter Commc'ns VI, LLC*, 412 F. Supp. 2d at 591; *Robinson*, 2005 WL 5748318, at **6-7; *Travelocity.com, LP*, 2003 WL 21770825, at *6, TV One's claim is not preempted by the Copyright Act. *See Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 628, (Cal. 1975) ("[U]nder California Law, where 'the parties have expressly contracted with respect to the duty to indemnify, the extent of the duty must be determined *from the contract* and not by reliance on the independent doctrine of equitable indemnity.")

2. *TV One's broadcast of Belle's is irrelevant to TV One's claim for contractual indemnity*

Again confusing implied indemnification with contractual indemnification, Defendants contend that "TV one cannot enforce the contractual indemnity provision [because] TV One is alleged to be liable for willful copyright infringement . . ." Mot. at 7 (citing *Anderson v. Local Union No. 3, Intern. Broth. of Elec. Workers*, 582 F. Supp. 627, 633 (S.D.N.Y. 1984)). While *Anderson* could potentially be relevant if TV One were bringing a claim for *implied* indemnification under the Civil Rights Act, it is inapposite here because TV One is bringing a claim for *contractual* indemnification pursuant to the Production Agreement. *See Anderson*, 582 F. Supp. at 632-33 ("A right of indemnity may either arise 'by contract or by operation of law to prevent a result which is regarded as unjust or unsatisfactory.' Obviously, only the second basis could apply in this case.").

-11-

1    Defendants' reliance on *Olan Mills v. Linn Photo Co.*, 23 F.3d 1345 (8th Cir.

2    1994) is similarly misplaced.  In *Olan Mills*, the Eight Circuit held an indemnification

3    agreement unenforceable because it did "not constitute a good faith effort to avoid

4    copyright infringement."  *Id*. at 1348.  Unlike the defendant in *Olan Mills,* TV One

5    made a good faith effort to avoid infringement by reasonably relying on Defendants'

6    express assurance that *Belle's* did not violate any copyright.  Dkt. No. 120 at 4.

### D.      TV One Did Not Violate the Scheduling Order

TV One did not violate the scheduling order because TV One sought leave of

the Court to implead My Belle's and timely amended the third-party complaint after

learning of Weinberger's breach and before Defendants filed an answer.  Weinberger

is a named defendant to Goodness Films Plaintiffs' claims and cannot be considered a

third-party.  As explained above, TV One's amendment of the third-party complaint

was proper under Federal Rules of Civil Procedure 15 and 20.

TV One did not learn that Weinberger failed to include material information in

the *Belle's* Policy application until the insurer notified TV One of Defendant

Weinberger's conduct on July 18, 2013.  Dkt. No. 120 at 7.  After learning of

Weinberger's breach, TV One promptly amended the third-party complaint on July 25,

2013.  Dkt. No. 120.  Further, TV One amended the third-party complaint before the

discovery cutoff date and the additional claims would require only limited, if any,

additional discovery.  Therefore, TV One did not violate the Court's Scheduling Order.

### E.      All of TV One's Third Party Claims are Within the Court's Subject Matter Jurisdiction and Properly Plead

#### 1.      The Court may exercise supplemental jurisdiction over TV One's state law claims

Defendants contend that TV One's state law claims for breach of contract,

anticipatory breach of contract, and breach of the implied covenant of good faith

and fair dealing are outside the Court's supplemental jurisdiction.  Mot. at 9.

-12-

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.   Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Federal courts may exercise supplemental jurisdiction over a state law claim where it and the federal claim "derive from a common nucleus of operative fact," so that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding."  *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997).

TV One's state law claims should be decided in the same action as Goodness Films Plaintiffs' copyright claims because: (1) all are derived from the same factual transactions and occurrences, and (2) whether TV One is found liable towards Plaintiffs directly bears on TV One's indemnity claims against Defendants.  First, TV One's state law claims arise from the Production Agreement, which provided for TV One to broadcast *Belle's* on its network.  TV One's broadcast of *Belle's* is the only alleged infringing act on which Plaintiffs' base their copyright claims against TV One.  Dkt. No. 120 at 5; Mot. at 7.  Second, the extent of Defendants' obligation to indemnify TV One is directly related to TV One's liability towards Plaintiffs for copyright infringement.

Moreover, Defendants again disregard judicial efficiency by arguing that TV One's indemnity claims should be brought in a separate action.  Mot. at 9.  "[C]onsiderations of judicial economy, convenience and fairness to litigants' support a wide-ranging power in the federal courts to decide state-law claims in cases that also present federal questions."  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 348 (1988).  In addition to ensuring fair and consistent decisions, deciding TV One's indemnity claims would preserve Court resources and prevent duplicative litigation.

-13-

1    Therefore, the Court should continue to exercise supplemental jurisdiction over TV

2    One's third-party claims.  *See* 28 U.S.C. § 1367(a); *Mine Workers*, 383 U.S. at 725.

3           2.     *TV One's breach of contract claim, breach of the covenant of good*
                   *faith and fair dealing and anticipatory breach claims are not*
4                  *duplicative of one another or TV One's indemnity claim*

5          Defendants ask the Court to dismiss TV One's claim for breach of the implied

6    covenant of good faith and fair dealing as duplicative of TV One's breach of contract

7    claim.  Mot. at 11.  "A breach of the implied covenant of good faith and fair dealing

8    involves something more than breach of the contractual duty itself."  *Celador Intern.*

9    *Ltd. v. Walt Disney Co.*, 347 F. Supp.2d 846, 853 (C.D. Cal. 2004) (citing *Careau &*

10   *Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (Cal. Ct.

11   App. 1990)).  The claim arises where a party "unfairly frustrates the agreed common

12   purposes and disappoints the reasonable expectations of the other party."  *Id.*  The

13   claim may be dismissed as superfluous where "the allegations do not go beyond the

14   statement of a mere contract breach and, relying on the same alleged acts, simply seek

15   the same damages or other relief already claimed in a companion contract [cause of

16   action]."  *Id.*  However, one exception to this rule is where "the plaintiff alleges that

17   the defendant acted in bad faith to frustrate the contract's benefits."  *Id.* (citations

18   omitted).

19         TV One sufficiently alleges that Defendants acted in bad faith and unfairly

20   frustrated a central purpose of the Production Agreement.  After entering the

21   Production Agreement, Defendants waited four months to obtain the *Belle's* Policy.

22   Dkt. No. 120 at 5.  When TV One notified Defendants of their obligation to indemnify

23   TV One, Defendants denied any liability to indemnify TV One.  *Id.* at 6.  Defendants

24   omitted material information from the Belle's Policy application, which the insurer

25   cited as a reason for denying TV One's claim.  *Id.* at 5, 7.  Regardless of when

26   Defendants actually breached the Production Agreement, Defendants acted in bad faith

27   and intended to frustrate TV One's right to indemnity, a central purpose of the

28
                                        -14-

Production Agreement.  *See Celador Intern. Ltd.*, 347 F. Supp. 2d at 853.  Therefore, Defendants breached the implied covenant of good faith and fair dealing.

Defendants also contend, without citing any authority in support, that TV One's claim for breach of contract and anticipatory breach are duplicative of the indemnity claim "because all three seek damages from My Belle's and/or Weinberger in connection with Plaintiffs' claims."  Mot. at 11.  TV One's claims for contractual indemnity, breach of contract and anticipatory breach of contract are all different causes of action, each of which relies on succinct legal theories and factual allegations. Whether or not they seek similar damages has no bearing on whether they are properly plead.

    3.    *TV One's claims for breach of contract, breach of the covenant of good faith and fair dealing, and anticipatory breach are timely, will not cause delay and will not prejudice the Plaintiffs*

As explained above, all of TV One's state law claims are timely.  The additional claims will not complicate the issues at trial any more than would TV One's claim for contractual indemnity alleged in its initial third-party complaint, which neither Goodness Films Plaintiffs nor Defendants opposed.  Dkt. Nos. 105, 107. Goodness Films Plaintiffs would not be prejudiced because TV One did not add any additional parties.  Furthermore, Goodness Films Plaintiffs did not join in Defendants' Motion.

Also, TV One's additional contract claims would not cause delay or complicate the issues at trial because they relate to the same contract dispute that is at the core of TV One's initial third-party complaint.  Allowing these claims would reduce multiplicity of litigation and ensure that all parties who are potentially liable to indemnify TV One are represented in the same action.

    4.    *TV One's additional claims do not contravene its stated purpose of the third-party complaint*

The purpose of TV One's third-party complaint was (and remains) to preserve and protect TV One's contractual rights to indemnification.  TV One amended the

-15-

1   third-party complaint to add Weinberger and additional claims because TV One

2   learned of Weinberger's failure to perform material terms of the Production Agreement

3   after filing its initial third-party complaint, which effect TV One's ability to seek

4   indemnification.

5   **IV.**   <u>**CONCLUSION**</u>

6         For the foregoing reasons, TV One respectfully requests that this Court deny

7   Defendants' Motion.

8

9

10   DATED:  August 15, 2013       Respectfully submitted,

11

12                         **NIXON PEABODY LLP**

13                         By:    <u>*/s/ Thaddeus J. Stauber*</u>

14                         Thaddeus J. Stauber (Bar No. 225518)

15                          tstauber@nixonpeabody.com
                           Sarah E. André (Bar No. 236145)

16                          sandre@nixonpeabody.com
                         Michael O. Azat (Bar No. 278409)

17                          mazat@nixonpeabody.com

18                         NIXON PEABODY LLP
                         Gas Company Tower

19                         555 West Fifth Street, 46th Floor

20                         Los Angeles, CA 90013
                         Phone: 213-629-6000

21                         Fax: 213-629-6001

22

23                         Attorneys for Defendant and Third Party
                         Plaintiff TV One, LLC

24

25

26

27

28

TV ONE, LLC'S OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION TO DISMISS AMENDED THIRD
PARTY COMPLAINT
Case No. 12-08688-GW (JEMx)