UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8688-GW(JEMx) | | Date | December 4, 2013 |
|---|---|---|---|---|
| Title | *Goodness Films, LLC, et a.l v. TV One, LLC, et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS (IN CHAMBERS):**   RULING ON DEFENDANT WEINBERGER'S MOTION FOR ATTORNEYS' FEES AND COSTS [248]

**I. Background**

On October 22, 2013, this Court granted in part and denied in part TV One, LLC, Edwin B. Weinberger ("Weinberger") and Miguel A. Nunez's ("Nunez") (collectively, "Defendants") motion for summary judgment against Goodness Films, LLC and individuals Herbert Hudson, Paul Goldsby, and Kennedy Goldsby (collectively, "Plaintiffs"). *See generally* Docket Nos. 241-42. The Court concluded that the television program developed by Plaintiffs – *Roscoe's Show* — was not substantially similar to *Belle's*, the television series allegedly misappropriated by Defendants Weinberger and Nunez and eventually aired on the TV One network. *Id.* The Court thus granted Defendants' motion for summary judgment with respect to Plaintiffs' copyright infringement claim. Docket No. 241 at 4-12.

The Court did, however, determine that genuine issues of material fact were raised in Plaintiffs' claims against Nunez for breach of fiduciary duty and against Weinberger for aiding and abetting breach of fiduciary duty. *Id.* at 13-14. Similarly, the Court denied Weinberger and Nunez's motion for summary judgment on Plaintiffs' breach of implied contract claim, indicating that a jury might reasonably conclude that the parties had an oral agreement in which "Defendants [would] use their talents and industry connections to help advance and market Plaintiffs' idea for *Roscoe's Show*, the sale of which would presumably generate profit for both Plaintiffs and Defendants." *Id.* at 15. Finally, the Court held that there was "ample evidence that Plaintiffs had existing relationships with actors and producers slated to be involved with *Roscoe's Show*," and denied Defendants' request for judgment on Plaintiffs' claim for tortious interference with prospective business advantage. *Id.* at 16-17.

Thus, in its October 2013 ruling, the Court granted Defendants' motion for summary judgment on the copyright infringement claim but denied the motion with respect to Plaintiffs' remaining breach of fiduciary duty, breach of implied contract, and tortious interference claims. These state law claims

:

Initials of Preparer   JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8688-GW(JEMx) | | Date | December 4, 2013 |
|---|---|---|---|---|
| Title | *Goodness Films, LLC, et a.l v. TV One, LLC, et al.* | | | |

remain pending against Defendants Weinberger and Nunez.

On November 5, 2013, Defendant Weinberger filed the instant motion for attorneys' fees and costs pursuant to the Copyright Act, 17 U.S.C. § 505. *See generally* Def. Mot., Docket No. 248. Weinberger argues that, as the prevailing party, he is entitled to the attorneys' fees and costs he incurred litigating the copyright and related third-party indemnification claims in this suit. *Id.* Nunez has joined in the motion for attorneys' fees. Docket No. 280.

For the reasons set forth herein, the Court finds the present motion can be decided and denied without oral argument. *See* L.R. 7-15.

**II. Analysis**

Plaintiffs argue that Defendant Weinberger's motion for attorneys' fees and costs is premature because Weinberger "is still a party in this action, and there has been no 'entry of judgment' in his favor." Pl. Mot., Docket No. 275, at 8. Weinberger responds that the motion is not premature because this Court has already determined that he is the "prevailing party" under the Copyright Act and "entered its final ruling on the copyright infringement claims on October 22, 2013." Def. Reply, Docket No. 282, at 7. Weinberger also argues that, under Local Rule 54-10, a motion for attorneys' fees must be filed within 14 days of judgment "or other final order." *Id.* at 8. Because this Court characterized its ruling as "final," Weinberger "erred on the side of caution to ensure the timeliness of this motion." *Id.* n. 1.

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. "District courts have two tasks in applying § 505: first, deciding whether an award of attorney's fees is appropriate and, second, calculating the amount of the award." *Cadkin v. Loose*, 569 F.3d 1142, 1147 (9th Cir. 2009) (citation omitted). "District courts have discretion to award attorney's fees to prevailing parties under the Copyright Act, but that discretion is triggered only if the party in fact prevailed on the copyright claim." *Id.* (citing 17 U.S.C. § 505; *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) ( "an award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts")).

Here, because the Court has not yet entered a final judgment against Plaintiffs on these issues,[1] and because there are still several claims pending against Defendants Weinberger and Nunez in this Action, the Court would decline to rule on Weinberger's motion for attorneys' fees. While the Court

---

[1] The Court entered a judgment in favor of TV One and dismissed TV One from this Action, but no such judgment has been issued in favor of Weinberger or Nunez. *See* Docket No. 251.

:

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8688-GW(JEMx) | Date | December 4, 2013 |
|---|---|---|---|
| Title | *Goodness Films, LLC, et a.l v. TV One, LLC, et al.* | | |

understands Weinberger's desire to ensure that his fee request was filed in a timely fashion under C.D. Cal. L.R. 54-10, the Court would find that, given the outstanding claims in this case, it is not yet economical or prudent to rule on Weinberger's motion for attorneys' fees. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket.'") (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)). As discussed above, the Court denied Defendants' motion for summary judgment on all of the remaining claims in this suit, and the partial grant of summary judgment on the copyright claim does not automatically entitle Weinberger to immediate resolution of the attorney fee issue. *See, e.g., American States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) ("An order granting partial summary judgment is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all the claims.") (citation omitted); *DSPT Intern., Inc. v. Nahum*, No. 06-308-ODW, 2008 U.S. Dist. LEXIS 25405, at *2-3 (C.D. Cal. Mar. 17, 2008) ("Where multiple parties are involved, Rule 54(b) provides that the Court may 'direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.") (citing Fed. R. Civ. P. 54(b)). Without such a determination and direction, "any order or other form of decision, however, designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties[.]" *Id.* (citing Fed. R. Civ. P. 54(b)).[2]

### III. Conclusion

For the reasons stated above, Defendant Weinberger's motion for attorneys' fees and costs should be DENIED WITHOUT PREJUDICE. Defendant Weinberger may renew this motion at a later stage of the litigation.

---

[2] Defendant Weinberger is correct insofar as the Court noted that Defendants would likely be deemed the "prevailing party" with respect to the copyright claims (Docket No. 241 at 17), but the Court's use of that phrase should not be mistaken for a formal, legal conclusion that attorneys' fees must necessarily and immediately be awarded to Defendants. Indeed, in the very same paragraph cited by Weinberger, the Court expressly declined to grant "Defendants' request for fees based on the minimal briefing" before the Court and specifically indicated that the timing of any such motion would depend on resolution of the remaining claims in this Action. Docket No. 241 at 17.

: _____

Initials of Preparer   JG